# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 15, 2021        Decided June 21, 2022

No. 20-5203

CLETUS WOODROW BOHON, ET AL.,
APPELLANTS

v.

FEDERAL ENERGY REGULATORY COMMISSION, ET AL.,
APPELLEES

On Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00006)

*Mia Yugo* argued the cause for appellants. With her on the briefs was *John R. Thomas Jr.*

*Robert H. Solomon*, Solicitor, Federal Energy Regulatory Commission, argued the cause for appellee. With him on the brief were *Matthew R. Christiansen*, General Counsel, and *Scott Ray Ediger*, Attorney.

*Jeremy C. Marwell* argued the cause for Mountain Valley Pipeline, LLC, appellee. On the brief were *Brian D. O'Neill* and *Wade W. Massie*. *Michael R. Pincus* entered an appearance.

Before: PILLARD, WILKINS and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

Almost five years ago, the Federal Energy Regulatory Commission gave Mountain Valley Pipeline, LLC permission to build a natural-gas pipeline that will run through Cletus and Beverly Bohon's property. The Bohons sued in district court to prevent the pipeline's construction. But the Natural Gas Act creates an exclusive review scheme for challenges to pipeline certificates, one that doesn't allow for the Bohons' district-court filing. We therefore affirm the district court's decision to dismiss it.

I

A

The Natural Gas Act requires any natural-gas company that wants to build a natural-gas pipeline to get FERC's permission. 15 U.S.C. § 717f(c). To do so, the company must prove that its pipeline's service "is or will be required by the present or future public convenience and necessity," and that it complies with all relevant federal, state, and local regulations. *Id.* § 717f(e). If it satisfies the statutory and regulatory requirements, the company receives a "certificate of public convenience and necessity." *Id.* § 717f(c). With the certificate comes authorization to exercise the federal government's eminent-domain power. *Id.* § 717f(h).

The process of obtaining a certificate includes more than just FERC and the natural-gas company. During the process, the company has to notify interested parties, including landowners in the pipeline's path, to give them the opportunity

to object. 18 C.F.R. § 157.6(d). On top of that opportunity to comment during proceedings, the Natural Gas Act also provides detailed instructions to aggrieved parties who want to challenge certificate orders.

First, an aggrieved party must seek rehearing with FERC. 15 U.S.C. § 717r(a). Next, if FERC denies the rehearing application or fails to act on it for thirty days, the aggrieved party can petition for review of the certificate order in a federal court of appeals where the natural-gas company is located or has its principal place of business, or in this Court. *Id.* § 717r(b). When the party files the petition and record, the court where the party filed has "exclusive" jurisdiction "to affirm, modify, or set aside such order in whole or in part." *Id.* That court's judgment "shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification." *Id.*

B

In 2015, Mountain Valley sought FERC's permission to build a 303.5-mile natural-gas pipeline. *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043 (2017). It proceeded through FERC's certification process over the following two years and ultimately received a certificate of public convenience and necessity. *Id.* A number of aggrieved parties (but not Cletus and Beverly Bohon) then sought rehearing before FERC and, from there, petitioned for our review of the certificate order. *Appalachian Voices v. FERC*, No. 17-1271, 2019 WL 847199, at *1 (D.C. Cir. Feb. 19, 2019). We rejected all sixteen of the challenges they presented. *Id.* Our decision (and the parties' decision not to seek certiorari) ended the statutorily prescribed review process. 15 U.S.C. § 717r(b).

A year later, the Bohons and two other families filed this suit against FERC and Mountain Valley in district court. The Bohons own land in the pipeline's path and don't want to sell, so Mountain Valley intends to use the eminent-domain power that its certificate grants. To preempt Mountain Valley's eminent-domain proceeding, the Bohons asked the district court to declare that Congress's delegation to FERC of authority to grant pipeline certificates is unconstitutional and that all past certificates (including Mountain Valley's) are void. They also sought an injunction that would prevent FERC from issuing any certificates in the future and would prevent certificate holders like Mountain Valley from exercising their delegated eminent-domain authority. The district court dismissed their suit because the Natural Gas Act's exclusive review process precluded its jurisdiction.

## II

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Typically, parties can "seek review of agency action in district court under any applicable jurisdictional grant." *Jarkesy v. SEC*, 803 F.3d 9, 15 (D.C. Cir. 2015). But when Congress creates a special statutory review scheme, that scheme is presumed "to be the exclusive means of obtaining judicial review in those cases to which it applies." *Id.* (cleaned up). This case turns on whether the Natural Gas Act's special review scheme deprives district courts of jurisdiction to invalidate pipeline certificates. It does.

The relevant section of the Natural Gas Act's review provision reads as follows:

> Any party to a proceeding under this chapter aggrieved by an order issued by the

Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part . . . . **Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive,** to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do.

15 U.S.C. § 717r(b) (emphasis added).

That provision makes clear that once the original parties who challenged the Mountain Valley certificate proceeding filed the record in this Court, our jurisdiction became "exclusive." Indeed, the Supreme Court interpreted effectively identical text in the Federal Power Act to prescribe "the specific, complete and exclusive mode for judicial review" of FERC's predecessor's licensing orders. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958); *see also City of Anaheim v. FERC*, 558 F.3d 521, 523 n.2 (D.C. Cir. 2009) (judicial interpretations of substantially identical provisions in the Federal Power Act and Natural Gas Act apply

interchangeably). When, as here, Congress creates an exclusive review scheme, it precludes any other court's jurisdiction over challenges that fit within that scheme. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994).

Therefore, the Bohons may file their suit in district court only if their facial nondelegation challenge falls outside the Natural Gas Act's judicial-review scheme. *See id.* at 212-13. They offer three reasons why it might. First, they argue that the review scheme does not cover *any* facial constitutional challenges. Second, they argue that the *structural* nature of their nondelegation argument takes it out of the review provision's scope. And third, they argue that the Supreme Court's decision last term in *PennEast Pipeline Co. v. New Jersey* requires us to reverse here. 141 S. Ct. 2244 (2021). All three arguments are unpersuasive.

First, in another statutory context we have cautioned parties against assigning "talismanic significance" to their decision to frame their suit as a facial challenge to the statute's constitutionality. *Jarkesy*, 803 F.3d at 18. And in *Elgin v. Department of the Treasury*, the Court specifically rejected an argument that "facial constitutional challenges to statutes" should receive special solicitude. 567 U.S. 1, 15 (2012). "The mere fact that" the Bohons press "constitutional claims (even facial ones) therefore does not control the preclusion inquiry." *Jarkesy*, 803 F.3d at 25.

Second, the mere fact that the Bohons are challenging FERC's structure does not take their suit outside the Natural Gas Act's review provision. True, we did not apply that review provision in *NO Gas Pipeline v. FERC*, where the petitioners argued that collecting fees from the natural-gas industry biased FERC in favor of approving pipelines. 756 F.3d 764, 768 (D.C. Cir. 2014). But unlike here, that structural-bias claim did not

challenge the lawfulness of any pipeline certificate. *Id.* at 769. Instead, the "unique" claim there was "so tangential" to any certificate order that we deemed it "unanchored in pipeline proceedings" altogether. *Id.* And we simultaneously stressed "the narrowness of our jurisdictional holding." *Id.*

The Bohons, by contrast, attack FERC's power to apply the Natural Gas Act and seek to "set aside" existing pipeline certificates. 15 U.S.C. § 717r(b). Those claims are very much anchored in pipeline proceedings. So they fall squarely within the Natural Gas Act's review scheme.

That difference also sets this case apart from *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010). There, the Supreme Court's logic was similar to ours in *NO Gas Pipeline*: The plaintiffs' structural-bias claim was not rooted in any particular Board action, so it fell outside the review framework of 15 U.S.C. § 78y. *Id.* at 490. By contrast, the Bohons' suit directly imperils a specific certificate that FERC granted Mountain Valley.

Finally, the Bohons argue that *PennEast*, requires us to conclude that their suit can proceed in district court. On their reading, *PennEast* held that district courts retain jurisdiction over all nondelegation challenges. That reading is incorrect.

In *PennEast*, New Jersey raised a sovereign-immunity defense against a condemnation of land. 141 S. Ct. at 2253. But even if New Jersey's sovereign-immunity defense had succeeded, it would not have required the district court to "'modify' or 'set aside' FERC's order." *Id.* at 2254 (quoting 15 U.S.C. § 717r(b)). Thus, New Jersey's argument was not "a collateral attack on the FERC order" that the Natural Gas Act's review scheme would have barred. *Id.* In explaining that

crucial difference, *PennEast* specifically distinguished a case where a party argued "that a licensee could not exercise the rights granted to it by the license itself." *Id.* Because that is exactly the argument that the Bohons make, *PennEast* only bolsters our conclusion.

\*  \*  \*

The Natural Gas Act's review scheme precluded district-court jurisdiction over the Bohons' collateral attack on the FERC order. We therefore affirm.

*So ordered.*